**In re Aaron Neal ANDERSON, and Desiree Dawn Brandal, Debtor(s).**

**No. 08–30041.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

June 26, 2008.

Robert Teir, Boenig & Tier PLLC, Houston, TX, for Debtors.

### ORDER ACCEPTING AMENDED PETITION AND FINDING DATE OF ORDER FOR RELIEF (AMENDED JUNE 26, 2008)

MARVIN ISGUR, Bankruptcy Judge.

■ On January 4, 2008, Mr. Anderson and Ms. Brandal filed a chapter 13 petition. At the date of the filing, Mr. Anderson and Ms. Brandal had not obtained pre-petition credit counseling. Accordingly, they were not eligible to be debtors under chapter 13 of the Bankruptcy Code. 11 U.S.C. § 109. In accordance with this Court's decision in *In re Salazar*, no case was commenced when the ineligible individuals filed their petition. *In re Salazar*, 339 B.R. 622 (Bankr.S.D.Tex. 2006). Accordingly, on April 29, 2008, this Court issued an order dismissing the petition.

■ On April 30, 2008, Mr. Anderson and Ms. Brandal filed an amended petition. Section 362(c)(3) contemplates amended petitions, as does FED. R. BANKR.P. 1009(a).

One of the nation's leading academics in the field of consumer bankruptcy law has suggested that a proper remedy for debtors who file a petition when they are ineligible to be debtors is to allow the debtors to file an amended petition. Jean Braucher, *The Challenge to the Bench and Bar Presented by the 2005 Bankruptcy Act: Resistance Need Not Be Futile*, 2007 U. Ill. L.Rev. 93, 106–107, 109 (2007). Mr. Anderson and Ms. Brandal are the first to request such relief from this Court.

■ Professor Braucher's well-written article provides context for this remedy. She points out that the legislative history establishes that the purpose of counseling is "to give consumers ... an opportunity to learn about the consequences of bank-

ruptcy—such as the potentially devastating effect it can have on their credit rating." *Id.* at 108, *quoting* H.R.REP. No. 109–31, pt. 1, at 104 (2005). This purpose is served by allowing debtors to obtain credit counseling and then to file an amended petition.

Prior to filing their amended petition, Mr. Anderson and Ms. Brandal obtained credit counseling. They seek for the Court to recognize the amended petition in order to avoid the necessity of paying an additional filing fee [1].

Because the amended petition was filed after credit counseling was obtained, the Court finds that the amended petition was filed by individuals who were eligible to be chapter 13 debtors pursuant to 11 U.S.C. § 109.

Accordingly, the Court orders:

1. The clerk shall reopen this case.

2. The amended petition is accepted.

3. The order for relief is effective as of April 30, 2008. The first plan payment was due May 30, 2008.

---

**1.** The Court grants legal relief to which the debtors are entitled. Nevertheless, some debtors may find it more economical to file a new rather than an amended petition. Although the filing of a new petition would require the payment of a new filing fee, it would save the legal fees associated with the preparation of the amended petition, a motion to accept the amended petition and attendance at a hearing on the motion.